1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
BRANDON L. WASHINGTON,          )        No. C 12-00884 EJD (PR)
11                              )
               Plaintiff,       )        ORDER OF DISMISSAL
12                              )
     v.                         )
13                              )
                                )
14 SUNG AE CHOI, et al.,        )
                                )
15            Defendants.        )
   _____)
16

17          Plaintiff, who is in custody at the Martinez Detention Facility and proceeding pro

18 se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff will be granted

19 leave to proceed in forma pauperis in a separate order.  For the reasons discussed below,

20 this case is DISMISSED without prejudice.

21

22                              **DISCUSSION**

23          A federal court must conduct a preliminary screening in any case in which a

24 prisoner seeks redress from a governmental entity or officer or employee of a

25 governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

26 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

27 claim upon which relief may be granted or seek monetary relief from a defendant who is

28 immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must,

however, be liberally construed.  See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Plaintiff claims his appointed public defender has violated his right against ineffective assistance of counsel in a criminal proceeding out of Contra Costa County Superior Court.  (Compl. at 5.)  Plaintiff claims that "out of desperation," he was forced to invoke his right to self-representation on November 17, 2011, during an initial preliminary hearing.  (<u>Id.</u> at 6.)  Plaintiff seeks injunctive relief "prohibiting deputy public defender Sung Ae Choi and her employer Contra Costa County Public Defenders Office from representing Plaintiff in current criminal litigations." (<u>Id.</u> at 3-4.)

To the extent that Plaintiff is suing his appointed public defender(s) for lawyer-type mistakes, he cannot.  A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981).  Alternate defenders, who handle cases when the public defender is not available, also would not be acting under color of state law.

Secondly, Plaintiff's request for injunctive relief must be dismissed because of the pendency of the state criminal case.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971); cf. <u>Gilbertson v. Albright,</u> 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc) (finding damages action based upon constitutional challenge to pending state proceedings implicates <u>Younger</u> principles because in order to determine damages the district court must first decide whether there has been a constitutional violation).  Federal

1   courts should not enjoin pending state criminal prosecutions absent a showing of the

2   state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and

3   patently violative of express constitutional prohibitions." Id. at 46, 53-54 (cost, anxiety

4   and inconvenience of criminal defense not kind of special circumstances or irreparable

5   harm that would justify federal court intervention).  Nothing in the complaint suggests

6   there are extraordinary circumstances requiring this court's interference in state court

7   criminal proceedings.  Where, as here, Younger abstention is appropriate as to a request

8   for declaratory or injunctive relief, and the plaintiff does not seek damages, the court may

9   not retain jurisdiction and must dismiss the action.  See Juidice v. Vail, 430 U.S. 327, 348

10  (1977); Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th

11  Cir. 2001); see also Gilbertson, 381 F.3d at 981 (when damages are sought and Younger

12  principles apply, it is appropriate for the federal court to refrain from exercising

13  jurisdiction temporarily until state proceeding no longer pending).

14

15                              **CONCLUSION**

16          For the foregoing reasons, this action is hereby DISMISSED, without prejudice to

17  returning to federal court once his state court proceedings have concluded and he has

18  exhausted all necessary remedies.

19

20  DATED: _____6/27/2012_____          _____

21                                            EDWARD J. DAVILA
                                              United States District Judge

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

BRANDON L. WASHINGTON,

                Plaintiff,

   v.

SUNG AE CHOI, et al.,

                Defendants.

_____/

Case Number: CV12-00884 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____6/27/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brandon L. Washington BKG# CC1C2331
Martinez Detention Facility
901 Court Street
Martinez, CA 94553

Dated: _____6/27/2012_____

                Richard W. Wieking, Clerk
                /s/By: Elizabeth Garcia, Deputy Clerk